FILED ELECTRONICALLY

Bruce P. Keller (BK 9300)
Eliza M. Sporn (ES 9634)
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
(212) 909-6000
Attorneys for Plaintiff

RECEIVED
OCT 21 2005
U.S.D.C. S.D N.Y.
CASHIERS

JUDGE RAKOFF

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

NFL PROPERTIES LLC,

               Plaintiff,

           v.

ALL AUTHENTIC
CORPORATION

               Defendant.

**05 CV 8967**

:  Civ. 05-

:  (        )

:  **COMPLAINT**

:  **ECF Case**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

      Plaintiff NFL Properties LLC ("NFL Properties") by its attorneys, Debevoise &

Plimpton LLP, for its complaint against All Authentic Corporation ("All Authentic")

("Defendant") alleges as follows:

## PRELIMINARY STATEMENT

    1.    This action arises from Defendant's willful and blatant counterfeiting and

unauthorized use of trademarks owned or controlled by NFL Properties. Defendant makes and

sells imitations of the jerseys of the various NFL member clubs (the "Member Clubs") that are

designed to resemble the official NFL Member Club apparel authorized by NFL Properties (the

"Counterfeit Jerseys"). The Counterfeit Jerseys are designed to create the false impression that

Defendant's commercial products are affiliated with the NFL and its Member Clubs. Worse still,

many of the items sold by Defendant, are, in fact, authentic in that Defendant obtained them from authorized licensees.  That, coupled with Defendant's name, exacerbates the false impression that all of its merchandise is "authentic".

2.     The Counterfeit Jerseys, however, have no genuine association with the NFL, NFL Properties or the NFL Member Clubs.

3.     Defendant's conduct constitutes a bad faith attempt to trade upon the enormous goodwill associated with the distinctive designs of the NFL team uniforms (the "NFL Uniform Design Jerseys").  Despite Plaintiff's efforts to resolve this matter amicably, Defendant has refused to discontinue its use of the Plaintiff's trademarks or to withdraw the Counterfeit Jerseys from the marketplace.  As a result, Plaintiff commenced this action to protect its valuable trademark rights.

4.     Defendant is engaged in willful trademark infringement, counterfeiting and unfair competition.  Plaintiff seeks an injunction requiring Defendant to cease its infringing activities. Defendant has caused Plaintiff irreparable harm and an incalculable loss of goodwill, and will continue to do so unless enjoined.  Plaintiff seeks monetary damages as well.

## THE PLAINTIFF

5.     Plaintiff NFL Properties is a limited liability corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business at 280 Park Avenue, New York, New York 10017.  NFL Properties is jointly owned in equal shares by the Member Clubs of the NFL.  NFL Properties has been licensed to use the trademarks of the Member Clubs for commercial purposes and is the exclusive trademark enforcement arm for the

2

Member Clubs.  In these capacities, NFL Properties promotes the intellectual property of the NFL and the Member Clubs in their commercial activities and protects the marks owned by the Member Clubs against misuse in various forms.

### THE DEFENDANT

6.      Upon information and belief, defendant All Authentic is a corporation duly organized and existing under the laws of the state of California with its principal place of business located at 1430 3rd Street, Suite 9, Riverside, CA 92507.

### JURISDICTION AND VENUE

7.      This Court has jurisdiction under 15 U.S.C. §1121(a) and 28 U.S.C. §§ 1331 and 1338.  This Court has supplemental jurisdiction over all other claims asserted herein under 28 U.S.C. § 1367(a).

8.      This Court has personal jurisdiction over the Defendant pursuant to N.Y.C.P.L.R. §§ 301 and 302.  By continuously soliciting business from New York residents on the Internet through a website, accepting payment from New York residents, and by delivering counterfeit jerseys to residents of New York, defendant has transacted business in New York and interstate commerce and has wrongfully caused the NFL substantial injury in the State of New York.

9.      Venue in this Court is proper under 28 U.S.C. §§ 1391(b) and (c) because a substantial part of the events and omissions giving rise to the claim occurred in this District.

### THE TRADEMARKS OF THE NFL AND ITS MEMBER CLUBS

10.      NFL football is, and for many years has been, the most popular spectator sport in

the United States.  The NFL brand of professional football, and the identifying names, logos, uniform designs and other indicia associated with it, are enormously popular with both sports fans and the general public.  The NFL's advertising, promotional and marketing efforts have resulted in widespread and favorable public acceptance and recognition for its brand of professional football.

11.     The design elements of the NFL Uniform Design Jerseys serve a source-identifying function by enabling consumers to quickly recognize official NFL teams, events, and licensed products and/or promotions.

12.     The NFL Marks, including the NFL Uniform Design Jerseys, receive enormous exposure in the marketplace.  Millions of television viewers and attendees at NFL games regularly see these marks displayed in authorized forms, including on the field, throughout game broadcasts and in connection with authorized sponsor advertising.  Millions more see these marks in newscasts, newspapers, magazines, the Internet and other media.  As a result, the NFL Marks, including the NFL Uniform Design Jerseys, are among the most widely-recognized trademarks in the United States, as well as among the most popular with consumers.  For decades, NFL Properties has promoted and sold to consumers through experienced licensees, countless licensed jerseys and other apparel bearing the team and city names, logos, distinctive color combinations and other identifying indicia.

13.     NFL fans and the general public instantly recognize the NFL Uniform Design Jerseys as identifying the team.  Attached as Exhibit A are copies of the registrations for the NFL Uniform Design Jerseys.

## THE LICENSING BUSINESS OF NFL PROPERTIES

14.     On behalf of the NFL and its Member Clubs, NFL Properties has established an extremely successful business in the commercial licensing of NFL Marks.  NFL Properties has successfully marketed and promoted NFL Marks on and in connection with many different goods and services through its licensees, sponsors and other business partners.  Given the enormous popularity of NFL football, a license to manufacture goods bearing the NFL Marks, including but not limited to a license to sell NFL Uniform Design Jerseys, is a highly coveted and valuable commercial asset precisely because it conveys the message of the NFL's sponsorship or endorsement.

15.     One of NFL Properties' most important and valuable licensing relationships is that with the manufacturers that sell officially-licensed NFL products.  Among the most popular of these products are NFL Uniform Design Jerseys.  Fans and other consumers purchase and wear NFL Uniform Design Jerseys because of their association with the NFL Member Clubs and the NFL players that wear NFL Uniform Design Jerseys during NFL games.

16.     In order to protect the value of the NFL Marks and officially-licensed goods bearing the NFL Marks, NFL Properties selectively chooses companies with established track records for consistent quality control to manufacture officially-licensed NFL merchandise.  Among other things, NFL Properties informs all official NFL licensees of the importance of maintaining the quality of official NFL Uniform Design Jerseys and takes steps to address any quality issues that arise.

## DEFENDANT'S UNLAWFUL AND INFRINGING CONDUCT

17.     On or about May 2005, Plaintiff became aware that Defendant was offering Counterfeit Jerseys for sale to consumers on the Internet, including on a website located at <http://www.allauthentic.com>.

18.     Exhibit B displays an image of a Counterfeit Jersey offered for sale on www.allauthentic.com as a "Steel Curtain Custom Limited Edition Steelers Jersey" on the left, next to an authentic NFL Uniform Design Jersey on the right.  The Counterfeit Jersey reads "Steel Curtain" across the back and bears the numbers of four Pittsburgh Steelers players using the same style of numbering and lettering as appears on the authentic Pittsburgh Steelers' NFL Uniform Design Jerseys.  The Steelers have strong common law rights in the mark "Steel Curtain" and own a state registration for the mark "Steel Curtain . . . Pittsburgh Steelers."  The Counterfeit Jersey features the same black and gold color combination and striping as the official Pittsburgh Steelers' NFL Uniform Design Jerseys.



Exhibit B

19.     Exhibit C displays an image of a Counterfeit Jersey offered for sale on

www.allauthentic.com as a "Joe Montana Signed Throwback 49ers Jersey" on the left, next to an

authentic NFL Uniform Design Jersey on the right. The Counterfeit Jersey reads "Montana"

across the back and bears the number "16" using the same style of numbering and lettering as

appears on the authentic San Francisco 49ers NFL Uniform Design Jerseys. The Counterfeit

Jersey features the same red and white color combination and striping as the official San

Francisco 49ers' NFL Uniform Design Jerseys.



Exhibit C

20.     Exhibit D displays an image of a Counterfeit Jersey offered for sale on

www.allauthentic.com as a "Joe Klecko Throwback Tribute Jets & Patriots Style Combo Jersey"

on the left, next to two authentic NFL Uniform Design Jerseys in the middle and on the right.

The front of the Counterfeit Jersey bears the number "90" using the same style of numbering as

appears on the authentic Patriots NFL Uniform Design Jerseys. The Counterfeit Jersey reads

"Klecko" across the back and bears the number "73" using the same style of numbering and

lettering as appears on the authentic New York Jets NFL Uniform Design Jerseys. The

Counterfeit Jersey features the same green and white color combination as the official New York

Jets' NFL Uniform Design Jerseys on one side and the same blue and silver combination as the

official New England Patriots NFL Uniform Design Jerseys on the other side.



Exhibit D

21.     Exhibit E displays an image of a Counterfeit Jersey offered for sale on

www.allauthentic.com as a "Jerry Rice Signed Red Jersey" on the left, next to an authentic NFL

Uniform Design Jersey on the right.  The Counterfeit Jersey reads "Rice" across the back and

bears the number "80" using the same style of numbering and lettering as appears on the

authentic San Francisco 49ers NFL Uniform Design Jerseys.  The Counterfeit Jersey features the

same red and white color combination and striping as the official San Francisco 49ers' NFL

Uniform Design Jerseys.



Exhibit E

22.     Exhibit F displays an image of a Counterfeit Jersey offered for sale on

www.allauthentic.com as a "Dan Hampton Signed Bears Throwback Jersey" on the left, next to

an authentic NFL Uniform Design Jersey on the right.  The Counterfeit Jersey reads "Hampton"
across the back and bears the number "99" using the same style of numbering and lettering as
appears on the authentic Chicago Bears NFL Uniform Design Jerseys.  The Counterfeit Jersey
features the same orange and blue color combination and striping as the official Bears' NFL
Uniform Design Jerseys.



Exhibit F

23.      Exhibit G displays an image of a Counterfeit Jersey offered for sale on
www.allauthentic.com as a "Howie Long Signed Throwback Raiders Jersey" on the left, next to
an authentic NFL Uniform Design Jersey on the right.  The Counterfeit Jersey reads "Long"
across the back and bears the number "75" using the same style of numbering and lettering as
appears on the authentic Raiders NFL Uniform Design Jerseys.  The Counterfeit Jersey features
the same black and white color combination as the official Raiders' NFL Uniform Design
Jerseys.

 

Exhibit G

24.     Exhibit H displays an image of a Counterfeit Jersey offered for sale on

www.allauthentic.com as a "Jack Youngblood Signed Throwback Rams Jersey" on the left, next

to an authentic NFL Uniform Design Jersey on the right.  The Counterfeit Jersey reads

"Youngblood" across the back and bears the number "85" using the same style of numbering and

lettering as appears on the authentic Rams NFL Uniform Design Jerseys.  The Counterfeit Jersey

features the same blue and gold color combination as the official Rams' NFL Uniform Design

Jerseys.

 

Exhibit H

25.     The design of the Counterfeit Jerseys suggests to consumers, and consumers are

likely to be confused into believing, that the Counterfeit Jerseys were manufactured, licensed,

10

approved or sponsored by, or otherwise affiliated with, NFL Properties, the NFL and its Member

Clubs.  In fact, the Counterfeit Jerseys are so close as to be identical or substantially

indistinguishable from officially-licensed jerseys currently sold by NFL Properties licensees and

for which federal trademark registrations have been obtained.  See Exhibit A.

26.     Defendant has not been granted permission or authorization by NFL Properties,

the NFL or its Member Clubs to use any NFL Marks in connection with jerseys.  Current or

former players cannot grant the right to use uniform designs for commercial purposes, and, of

course, cannot license the use of the NFL Mark.

## FIRST CAUSE OF ACTION

(Trademark Infringement Under Section 32
of the Lanham Act, 15 U.S.C. § 1114)

27.     The Plaintiff incorporates by reference the allegations set forth in paragraphs 1

through 26 above.

28.     Defendant's actions have caused and are likely to cause confusion and mistake

and to deceive potential customers as to the source, origin or sponsorship of the Counterfeit

Jerseys.

29.     The unauthorized use of the NFL Marks constitutes trademark infringement, with

consequent damages to Plaintiff and the substantial business and goodwill symbolized by all

NFL Marks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

30.     Defendant's actions described above, including the sale of Counterfeit Jerseys in

interstate commerce, have caused, and unless restrained will continue to cause, great and

irreparable injury to Plaintiff, the NFL Marks, and to the business and goodwill represented

thereby, leaving NFL Properties with no adequate remedy at law.

31.     By reason of the foregoing, NFL Properties is entitled to injunctive relief against

Defendant, restraining further acts of trademark infringement, and, after trial, to recover the

damages resulting from the aforesaid acts of trademark infringement together with Defendant's

profits.

## SECOND CAUSE OF ACTION

(Trademark Counterfeiting Under Section 35
of the Lanham Act, 15 U.S.C. § 1117)

32.     The Plaintiff incorporates by reference the allegations set forth in paragraphs 1

through 31 above.

33.     The Counterfeit Jerseys use non-genuine marks that are substantially

indistinguishable from, if not identical to, the trademark registrations attached in Exhibit A.

34.     Defendant's actions described above have caused and are likely to cause

confusion and mistake and to deceive potential customers as to the source, origin or sponsorship

of the Counterfeit Jerseys, leading them to believe that they are the officially licensed jerseys

sold by NFL Properties' licensees.

35.     The unauthorized use of the NFL Marks constitutes trademark counterfeiting,

with consequent damages to Plaintiff and the substantial business and goodwill symbolized by

all NFL Marks in violation of Section 35 of the Lanham Act, 15 U.S.C. § 1117(c).

36.     Defendant's actions described above, including the sale of Counterfeit Jerseys and other uses of the NFL Marks in interstate commerce, have caused, and unless restrained will continue to cause, great and irreparable injury to Plaintiff, the NFL Marks, and to the business and goodwill represented thereby, leaving the NFL and NFL Properties with no adequate remedy at law.

37.     By reason of the foregoing, NFL Properties is entitled to injunctive relief against Defendant, restraining further acts of trademark counterfeiting, and, after trial, to recover the damages resulting from the aforesaid acts of trademark counterfeiting together with Defendant's profits, as well as statutory and other damages available for the intentional use of counterfeit marks.

## THIRD CAUSE OF ACTION

(Trademark Infringement Under Section 43(a)
of the Lanham Act, 15 U.S.C. § 1125(a))

38.     The Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 37 above.

39.     Defendant's actions described above have caused and are likely to cause confusion and mistake and to deceive potential customers as to the source, origin or sponsorship of the Counterfeit Jerseys.

40.     The unauthorized use of the NFL Marks constitutes trademark infringement, false designation of origin, false or misleading description of fact and false or misleading representation of fact, with consequent damages to Plaintiff and the substantial business and

goodwill symbolized by all NFL Marks in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

41.    Defendant's actions described above, including the sale of Counterfeit Jerseys and other uses of the NFL Marks in interstate commerce, have caused, and unless restrained will continue to cause, great and irreparable injury to Plaintiff, the NFL Marks, and to the business and goodwill represented thereby, leaving the NFL and NFL Properties with no adequate remedy at law.

42.    By reason of the foregoing, NFL Properties is entitled to injunctive relief against Defendant, restraining further acts of trademark infringement, and, after trial, to recover the damages resulting from the aforesaid acts of trademark infringement together with Defendant's profits.

## FOURTH CAUSE OF ACTION

(Trademark Infringement Under New York Law)

43.    The Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 43 above.

44.    Defendant's acts as described above constitute trademark infringement under N.Y. Gen. Bus. Law § 360-k.

## FIFTH CAUSE OF ACTION

(Trademark Dilution Under Federal Law)

45.    The Plaintiff incorporates by reference the allegations set forth in paragraphs 1

14

through 45 above.

46.     The NFL Marks, including but not limited to the Uniform Designs, are among the most famous and most recognizable trademarks used in interstate commerce in the United States. Among other things:  (a) they have acquired a high degree of distinctiveness; (b) depending on the Uniform Design, they have been used for years, if not decades, throughout the United States to promote many goods and services; (c) NFL Properties and the NFL Member Clubs have advertised and publicized the NFL Marks, including but not limited to the Uniform Designs, for the period the Uniform Design has been in use throughout the United States; (d) NFL Properties and the Member Clubs have used the NFL Marks, including but not limited to the Uniform Designs, in a trading area of broad geographical scope encompassing, *inter alia*, all of the states and territories of the United States; (e) the NFL Marks, including but not limited to the Uniform Designs, are among the preeminent marks in professional sports and entertainment; (f) the NFL Marks, including but not limited to the Uniform Designs, have an extremely high degree of recognition among consumers; (g) except as authorized by NFL Properties, there are no similar NFL trademarks in use to any extent by third parties; and (h) these trademarks currently are registered under the Lanham Act on the Principal Register.

47.     Defendant's conduct described above dilutes and detracts from the distinctiveness of the famous NFL Marks, including but not limited to the Uniform Designs, with consequent damage to NFL Properties and its Member Clubs, and to the substantial business and goodwill symbolized by the NFL Marks, including but not limited to the Uniform Designs, in violation of the Federal Trademark Dilution Act of 1995, 15 U.S.C. § 1125(c).

48.     Defendant's willful acts of trademark dilution have caused and unless restrained, will continue to cause, great and irreparable injury to NFL Properties and the Member Clubs, and to the NFL Marks, including but not limited to the Uniform Designs, and to the substantial business and goodwill represented thereby, in an amount that cannot be presently ascertained, leaving NFL Properties and the Member Clubs with no adequate remedy at law.

49.     By reason of the foregoing, NFL Properties is entitled to injunctive relief against Defendant, restraining further acts of trademark dilution, and, after trial, to recover the damages resulting from Defendant's acts of trademark dilution.

## SIXTH CAUSE OF ACTION

(Trademark Dilution Under New York Law)

50.     The Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 49 above.

51.     Defendants' conduct has been undertaken with a willful intent to trade on the NFL's reputation and to cause dilution of the famous NFL Marks, including but not limited to the Uniform Designs, and this conduct entitles NFL Properties to damages and the other remedies available pursuant to New York's Anti-Dilution Statute, N.Y. Gen. Bus. Law § 360-l.

## SEVENTH CAUSE OF ACTION

(Unfair Competition Under New York Law)

52.     The Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 51 above.

16

53.    Defendant's acts as described above constitute unfair competition under New York State common law, as preserved by N.Y. Gen. Bus. Law § 360-o.

## EIGHTH CAUSE OF ACTION

(Deceptive Acts and Practices Under New York Statutory Law)

54.    The Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 53 above.

55.    Defendant's acts as described above constitute deceptive acts and practices and false advertising in violation of N.Y. Gen. Bus. Law §§ 349-350.

## RELIEF

WHEREFORE, NFL Properties prays that the Court grant the following relief:

56.    Permanently enjoin Defendant, their officers, directors, agents, representatives, successors or assigns, and all persons acting in concert or in participation with any of them from making any commercial use of any NFL Mark on any product that is not authorized by the NFL, including but not limited to:  (a) "Steel Curtain" Custom Limited Edition Steelers Jerseys; (b) Joe Montana Signed Throwback 49ers Jerseys; (c) Joe Klecko Throwback Tribute Jets & Patriots Style Combo Jerseys; (d) Jerry Rice Signed Red 49ers Jerseys; (e) Dan Hampton Signed Bears Throwback Jerseys; (f) Howie Long Signed Throwback Raiders Jerseys; (g) Jack Youngblood Signed Throwback Rams Jerseys; and (h) Troy Aikman Signed Throwback Cowboys Jerseys.

57.    Direct Defendant to account to Plaintiff for their profits and order that Plaintiff recover its damages arising out of the acts of deception and infringement described above, and a sum equal to three times such profits or damages (whichever is greater) pursuant to 15 U.S.C. §

1117;

58.     Award Plaintiff punitive damages pursuant to New York State common law (as preserved by N.Y. Gen. Bus. Law § 360-o) on account of Defendant's gross, wanton, willful and malicious conduct;

59.     Direct Defendant to deliver up for destruction all Counterfeit Jerseys in Defendant's possession or control and all means of making the same, in accordance with 15 U.S.C. § 1118;

60.     Direct Defendant to file with the Court and serve on counsel for Plaintiff within thirty (30) days after entry of any injunction issued by the Court in this action, a sworn written statement, pursuant to 15 U.S.C. § 1116(a), setting forth in detail the manner and form in which Defendant has complied with any injunction which the Court may enter in this action;

61.     Award Plaintiff its reasonable attorneys' fees along with the costs and disbursements incurred herein as a result of Defendant's intentional and willful infringement, pursuant to 15 U.S.C. § 1117 and N.Y. Gen. Bus. Law § 349(h);

62.     Award statutory damages for use of a counterfeit mark pursuant to 15 U.S.C. § 1117(c); and

63.     Award Plaintiff such other and further relief as the Court deems just and proper.

New York, New York
Dated: October 21, 2005

Respectfully submitted,


By:_____
       Bruce P. Keller (BK 9300)
       Eliza M. Sporn (ES 9634)
       DEBEVOISE & PLIMPTON LLP
       919 Third Avenue
       New York, New York 10022
       (212) 909-6000 (phone)
       (212) 909-6836 (fax)
       bpkeller@debevoise.com
       esporn@debevoise.com

       *Attorneys for Plaintiff*
        *NFL Properties LLC*

**Exhibit A**



Int. Cl.: 41

Prior U.S. Cl.: 107

**United States Patent and Trademark Office**

Reg. No. 1,593,478
Registered Apr. 24, 1990

## SERVICE MARK
### PRINCIPAL REGISTER



CHICAGO BEARS FOOTBALL CLUB, INC. (IL-
LINOIS CORPORATION)
250 NORTH WASHINGTON ROAD
LAKE FOREST, IL 60045

FOR: ENTERTAINMENT SERVICES IN THE
FORM OF PROFESSIONAL FOOTBALL
GAMES AND EXHIBITIONS, IN CLASS 41 (U.S.
CL. 107).
FIRST USE 11-0-1983; IN COMMERCE
11-0-1983.
OWNER OF U.S. REG. NO. 1,224,586.
NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "7" AND THE OUTLINE OF

THE UNIFORM, APART FROM THE MARK AS
SHOWN.
THE DRAWING IS LINED FOR THE
COLORS NAVY BLUE AND ORANGE.
THE DRAWING IS A TWO-DIMENSIONAL
REPRESENTATION OF THE MARK, WHICH
CONSISTS OF THE DESIGN ELEMENTS AND
COLOR COMBINATIONS APPEARING ON A
THREE-DIMENSIONAL FOOTBALL UNIFORM
WORN BY PLAYERS IN APPLICANT'S GAMES
AND EXHIBITIONS.

SER. NO. 73-786,263, FILED 3-13-1989.

TERRY ELLEN HOLTZMAN, EXAMINING AT-
TORNEY

Int. Cl.: 41

Prior U.S. Cl.: 107

**Reg. No. 1,598,956**

## United States Patent and Trademark Office    Registered May 29, 1990

## SERVICE MARK
### PRINCIPAL REGISTER



CHICAGO BEARS FOOTBALL CLUB, INC. (ILLINOIS CORPORATION)
250 NORTH WASHINGTON ROAD
LAKE FOREST, IL 60045

FOR: ENTERTAINMENT SERVICES IN THE FORM OF PROFESSIONAL FOOTBALL GAMES AND EXHIBITIONS, IN CLASS 41 (U.S. CL. 107).

FIRST USE 11–0–1983; IN COMMERCE 11–0–1983.

OWNER OF U.S. REG. NO. 1,217,892.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "7" AND THE OUTLINE OF THE UNIFORM, APART FROM THE MARK AS SHOWN.

THE DRAWING IS LINED FOR THE COLORS NAVY BLUE AND ORANGE.

THE DRAWING IS A TWO-DIMENSIONAL REPRESENTATION OF THE MARK, WHICH CONSISTS OF THE DESIGN ELEMENTS AND COLOR COMBINATIONS APPEARING ON A THREE-DIMENSIONAL FOOTBALL UNIFORM WORN BY PLAYERS IN APPLICANT'S GAMES AND EXHIBITIONS.

SER. NO. 73–786,262, FILED 3–13–1989.

TERRY ELLEN HOLTZMAN, EXAMINING ATTORNEY

Int. Cl.: 41

Prior U.S. Cl.: 107

**United States Patent and Trademark Office**

Corrected

Reg. No. 1,224,586

Registered Jan. 18, 1983

OG Date Sep. 16, 1997

## SERVICE MARK
## PRINCIPAL REGISTER



CHICAGO BEARS FOOTBALL CLUB INC. (DELAWARE CORPORATION)
250 N. WASHINGTON RD.
LAKE FOREST, IL 60045

OWNER OF U.S. REG. NOS. 952,440, 962,291 AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE USE OF THE NUMERAL "7" OR THE OUTLINE OF THE UNIFORM APART FROM THE MARK AS SHOWN.

THE MARK IS LINED FOR THE COLORS NAVY BLUE AND ORANGE.

THE DRAWING IS A TWO-DIMENSIONAL REPRESENTATION OF THE MARK, WHICH CONSISTS OF THE DESIGN ELEMENTS AND COLOR COMBINATIONS APPEARING ON A THREE-DIMENSIONAL FOOTBALL UNIFORM WORN BY PLAYERS IN APPLICANT'S GAMES AND EXHIBITIONS. SEC. 2(F).

FOR: ENTERTAINMENT SERVICES IN THE FORM OF PROFESSIONAL FOOTBALL GAMES AND EXHIBITIONS, IN CLASS 41 (U.S. CL. 107).

FIRST USE 8-26-1961; IN COMMERCE 8-26-1981.

SER. NO. 73–336,710, FILED 11-12-1981.

*In testimony whereof I have hereunto set my hand and caused the seal of The Patent and Trademark Office to be affixed on Sep. 16, 1997.*

*Bruce Lehman*

COMMISSIONER OF PATENTS AND TRADEMARKS

Int. Cl.: 41
Prior U.S. Cl.: 107

**United States Patent and Trademark Office**

Reg. No. 1,217,892
Registered Nov. 23, 1982
OG Date Sep. 16, 1997

Corrected

## SERVICE MARK
## PRINCIPAL REGISTER



CHICAGO BEARS FOOTBALL CLUB INC. (DELAWARE CORPORATION)
250 N. WASHINGTON RD.
LAKE FOREST, IL 60045

OWNER OF U.S. REG. NOS. 952,440, 962,291 AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE USE OF THE NUMERAL "7" OR THE OUTLINE OF THE UNIFORM APART FROM THE MARK AS SHOWN.

THE MARK IS LINED FOR THE COLORS NAVY BLUE AND ORANGE.

THE DRAWING IS A TWO-DIMENSIONAL REPRESENTATION OF THE MARK, WHICH CONSISTS OF THE DESIGN ELEMENTS AND COLOR COMBINATIONS APPEARING ON A THREE-DIMENSIONAL FOOTBALL UNIFORM WORN BY PLAYERS IN APPLICANT'S GAMES AND EXHIBITIONS. SEC. 2(F).

FOR: ENTERTAINMENT SERVICES IN THE FORM OF PROFESSIONAL FOOTBALL GAMES AND EXHIBITIONS, IN CLASS 41 (U.S. CL. 107).

FIRST USE 9-8-1961; IN COMMERCE 9-8-1961.

SER. NO. 73-336,709, FILED 11-12-1981.

*In testimony whereof I have hereunto set my hand and caused the seal of The Patent and Trademark Office to be affixed on Sep. 16, 1997.*

*Bruce Lehman*

COMMISSIONER OF PATENTS AND TRADEMARKS

*Int.* Cl.: **41**

*Prior* U.S. Cl.: **107**

Reg. No. 1,318,639

## United States Patent and Trademark Office

Registered Feb. 5, 1985

### SERVICE MARK
### Principal Register



Dallas Cowboys Football Club, Ltd. (Texas corporation)
6116 N. Central Expressway
Dallas, Tex. 75206, assignee of
Dallas Cowboys Football Club, Inc. (Texas corporation)
Dallas, Tex.

For: ENTERTAINMENT SERVICES IN THE FORM OF PROFESSIONAL FOOTBALL GAMES AND EXHIBITIONS, in CLASS 41 (U.S. Cl. 107).

First use Aug. 15, 1964; in commerce Aug. 15, 1964.

Owner of U.S. Reg. Nos. 836,117, 1,246,625 and others.

No claim is made to the exclusive right to use the numeral "7" and outline of a football uniform, apart

Int. Cl.: **41**

Prior U.S. Cl.: **107**

United States Patent and Trademark Office

Reg. No. **1,246,625**
Registered Jul. 26, 1983

## SERVICE MARK
### Principal Register



Dallas Cowboys Football Club, Inc. (Texas corporation)
6116 N. Central Expressway
Dallas, Tex. 75206

For: ENTERTAINMENT SERVICES—NAMELY, ORGANIZING AND CONDUCTING PROFESSIONAL FOOTBALL GAMES AND EXHIBITIONS, in CLASS 41 (U.S. Cl. 107).

First use Aug. 15, 1964; in commerce Aug. 15, 1964.

Owner of U.S. Reg. No. 893,942 and others.

No claim is made to the exclusive right to use the outline of a football uniform and the numeral "7", apart from the mark as shown.

The drawing is lined for the color silver blue Sec. 2(f).

Ser. No. 363,719, filed May 10, 1982.

CARLISLE WALTERS, Examining Attorney



Int. Cl.: 41

Prior U.S. Cl.: 107

## United States Patent and Trademark Office

Reg. No. 1,243,885
Registered Jun. 28, 1983

## SERVICE MARK
**Principal Register**



New York Jets Football Club, Inc. (Delaware corporation)
598 Madison Ave.
New York, N.Y. 10022

For: ENTERTAINMENT SERVICES IN THE FORM OF PROFESSIONAL FOOTBALL GAMES AND EXHIBITIONS, in CLASS 41 (U.S. Cl. 107).

First use Aug. 7, 1978; in commerce Aug. 7, 1978.

Owner of U.S. Reg. Nos. 827,036, 977,056 and others.

No claim is made to the exclusive right to use the numeral "7" (seven) or the outline of the uniform, apart from the mark as shown.

The drawing is lined for the color green.

The drawing is a two-dimensional representation of the mark, which consists of the design elements and color combinations appearing on a three-dimensional football uniform worn by players in applicant's games and exhibitions.

Sec. 2(f).

Ser. No. 336,696, filed Nov. 12, 1981.

JAMES GROSSMAN, Examining Attorney



Int. Cl.: 41

Prior U.S. Cl.: 107

## United States Patent and Trademark Office

Reg. No. 1,230,455
Registered Mar. 8, 1983

## SERVICE MARK
### Principal Register



New York Jets Football Club, Inc. (Delaware corporation)
598 Madison Ave.
New York, N.Y. 10022

For: ENTERTAINMENT SERVICES IN THE FORM OF PROFESSIONAL FOOTBALL GAMES AND EXHIBITIONS, in CLASS 41 (U.S. Cl. 107).

First use Aug. 12, 1978; in commerce Aug. 12, 1978.

No claim is made to the exclusive right to use "7" or the outline of the uniform, apart from the mark as shown.

The mark is lined for the color green.

The drawing is a two-dimensional representation of the mark, which consists of the design elements and color combinations appearing on a three-dimensional football uniform worn by players in applicant's games and exhibitions.

Sec. 2(f).

Ser. No. 336,695, filed Nov. 12, 1981.

CRAIG D. TAYLOR, Examiner

Int. Cl.: 41

Prior U.S. Cl.: 107

## United States Patent and Trademark Office

Reg. No. 1,228,996
Registered Mar. 1, 1983

## SERVICE MARK
### Principal Register



Oakland Raiders Professional Football Club, Ltd.
(partnership)
7811 Oakland St.
Oakland, Calif. 94621

For: ENTERTAINMENT SERVICES IN THE
FORM OF PROFESSIONAL FOOTBALL
GAMES AND EXHIBITIONS, in CLASS 41 (U.S.
Cl. 107).

First use Aug. 4, 1963; in commerce Aug. 4, 1963.

Owner of U.S. Reg. Nos. 731,309, 731,310, 975,685
and others.

No claim is made to the exclusive right to use "7"

or the outline of the uniform, apart from the mark as
shown.

The mark is lined for the color silver.

The drawing is two-dimensional representation of
the mark, which consists of the design elements and
color combinations appearing on a three-dimensional
football uniform worn by players in applicant's games
and exhibitions.

Sec. 2(f).

Ser. No. 336,729, filed Nov. 12, 1981.

PETER T. GELISSEN, Examiner

Int. Cl.: 41

Prior U.S. Cl.: 107

## United States Patent and Trademark Office

Reg. No. 1,228,997
Registered Mar. 1, 1983

### SERVICE MARK
**Principal Register**



Oakland Raiders Professional Football Club, Ltd.
    (partnership)
7811 Oakland St.
Oakland, Calif. 94621

For: ENTERTAINMENT SERVICES IN THE FORM OF PROFESSIONAL FOOTBALL GAMES AND EXHIBITIONS, in CLASS 41 (U.S. Cl. 107).

First use Aug. 2, 1963; in commerce Aug. 2, 1963.

Owner of U.S. Reg. Nos. 731,309, 731,310, 975,685 and others.

No claim is made to the exclusive right to use "7"

or the outline of the uniform, apart from the mark as shown.

The mark is lined for the color silver.

The drawing is two-dimensional representation of the mark, which consists of the design elements and color combinations appearing on a three-dimensional football uniform worn by players in applicant's games and exhibitions.

Sec. 2(f).

Ser. No. 336,730, filed Nov. 12, 1981.

PETER T. GELISSEN, Examiner

Int. Cl.: **41**

Prior U.S. Cl.: **107**

Reg. No. 1,235,468

## United States Patent and Trademark Office

Registered Apr. 19, 1983

### SERVICE MARK
**Principal Register**



*Sections 8 & 15 filed & accepted*

Pittsburgh Steelers Sports, Inc. (Pennsylvania corporation)
300 Stadium Cir.
Pittsburgh, Pa. 15212

For: ENTERTAINMENT SERVICES IN THE FORM OF PROFESSIONAL FOOTBALL GAMES AND EXHIBITIONS, in CLASS 41 (U.S. Cl. 107).

First use Aug. 15, 1968; in commerce Aug. 15, 1968.

Owner of U.S. Reg. Nos. 870,258, 1,109,723 and others.

No claim is made to the exclusive right to use the numeral "7" or the outline of the uniform, apart from the mark as shown.

The drawing is lined for the color gold.

Sec. 2(f).

Ser. No. 336,702, filed Nov. 12, 1981.

WILLIAM WEINSTEIN, Examining Attorney

**Int. Cl.: 41**

**Prior U.S. Cl.: 107**

## United States Patent and Trademark Office

**Reg. No. 1,233,083**
Registered Mar. 29, 1983

### SERVICE MARK
**Principal Register**



*Sections 8 & 15
Affidavit filed
and accepted*

Pittsburgh Steelers Sports, Inc. (Pennsylvania corporation)
300 Stadium Cir.
Pittsburgh, Pa. 15212

For: ENTERTAINMENT SERVICES IN THE FORM OF PROFESSIONAL FOOTBALL GAMES AND EXHIBITIONS, in CLASS 41 (U.S. Cl. 107).

First use Aug. 9, 1968; in commerce Aug. 9, 1968.

Owner of U.S. Reg. Nos. 870,257, 870,258, 881,474 and 1,109,723.

No claim is made to the exclusive right to use the numeral "7" or the outline of the uniform, apart from the mark as shown.

The drawing is lined for the color gold.

The drawing is two-dimensional representation of the mark, which consists of the design elements and color combinations appearing on a three-dimensional football uniform worn by players in applicant's games and exhibitions.

Sec. 2(f).

Ser. No. 336,701, filed Nov. 12, 1981.

JAMES GROSSMAN, Examining Attorney

Int. Cl.: 41

Prior U.S. Cls.: 100, 101, and 107

**United States Patent and Trademark Office**

Reg. No. 2,189,723

Registered Sep. 15, 1998

## SERVICE MARK
### PRINCIPAL REGISTER



SAN FRANCISCO FORTY NINERS, LTD.
(CALIFORNIA LIMITED PARTNERSHIP)
4949 CENTENNIAL BOULEVARD
SANTA CLARA, CA 95054

FOR: ENTERTAINMENT SERVICES, NAMELY, PROFESSIONAL FOOTBALL GAMES AND EXHIBITIONS, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 8–0–1996; IN COMMERCE 8–0–1996.

OWNER OF U.S. REG. NOS. 1,079,541, 1,809,130, AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "7" AND THE REPRESENTATION OF THE OUTLINE OF THE FOOTBALL UNIFORM, APART FROM THE MARK AS SHOWN.

THE DRAWING IS LINED FOR RED AND GOLD.

THE DRAWING IS A TWO-DIMENSIONAL REPRESENTATION OF THE MARK, WHICH CONSISTS OF THE DESIGN ELEMENTS AND COLOR COMBINATION APPEARING ON A THREE DIMENSIONAL FOOTBALL UNIFORM WORN IN APPLICANT'S SERVICES. DUE TO THE REDUCED SIZE OF THE DRAWING, CERTAIN ASPECTS OF THE MARK ARE ILLEGIBLE. SPECIFICALLY, THE NUMBERS ON THE SHOULDER ARE RED SURROUNDED BY A GOLD BORDER WHICH IS SURROUNDED BY A BLACK BORDER. IN ADDITION, THE

2                                      2,189,723

OVALS ON THE SLEEVES CONTAINING THE    GOLD BORDER WHICH IS SURROUNDED BY
LETTERS "SF" ARE RED SURROUNDED BY A   A BLACK BORDER.

SN 75-114,911, FILED 6-6-1996.

ELLEN B. AWRICH, EXAMINING ATTORNEY

Int. Cl.: 41

Prior U.S. Cls.: 100, 101, and 107

## United States Patent and Trademark Office

Reg. No. 2,189,722

Registered Sep. 15, 1998

## SERVICE MARK
### PRINCIPAL REGISTER



SAN FRANCISCO FORTY NINERS, LTD. (CALIFORNIA LIMITED PARTNERSHIP)
4949 CENTENNIAL BOULEVARD
SANTA CLARA, CA 95054

FOR: ENTERTAINMENT SERVICES, NAMELY, PROFESSIONAL FOOTBALL GAMES AND EXHIBITIONS, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 8-0-1996; IN COMMERCE 8-0-1996.

OWNER OF U.S. REG. NOS. 1,079,541, 1,809,130, AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "7" AND THE REPRESENTATION OF THE OUTLINE OF THE FOOTBALL UNIFORM, APART FROM THE MARK AS SHOWN.

THE DRAWING IS LINED FOR RED AND GOLD.

THE DRAWING IS A TWO-DIMENSIONAL REPRESENTATION OF THE MARK, WHICH CONSISTS OF THE DESIGN ELEMENTS AND COLOR COMBINATION APPEARING ON A THREE DIMENSIONAL FOOTBALL UNIFORM WORN IN APPLICANT'S SERVICES. DUE TO THE REDUCED SIZE OF THE DRAWING, CERTAIN ASPECTS OF THE MARK ARE ILLEGIBLE. SPECIFICALLY, THE NUMBERS ON THE SHOULDER ARE RED SURROUNDED BY A GOLD BORDER WHICH IS SURROUNDED BY A BLACK BORDER. IN ADDITION, THE

2                                   2,189,722

OVALS ON THE SLEEVES CONTAINING THE          GOLD BORDER WHICH IS SURROUNDED BY
LETTERS "SF" ARE RED SURROUNDED BY A         A BLACK BORDER.

                                             SN 75-114,910, FILED 6-6-1996.

                                             ELLEN B. AWRICH, EXAMINING ATTORNEY

Int. Cl.: **41**

Prior U.S. Cl.: **107**

Reg. No. **1,238,824**

# United States Patent and Trademark Office

Registered May 17, 1983

## SERVICE MARK
### Principal Register



San Francisco 49ers (limited partnership)
711 Nevada St.
Redwood City, Calif. 94061

For: ENTERTAINMENT SERVICES IN THE FORM OF PROFESSIONAL FOOTBALL GAMES AND EXHIBITIONS, in CLASS 41 (U.S. Cl. 107).

First use Aug. 15, 1964; in commerce Aug. 15, 1964.

Owner of U.S. Reg. Nos. 829,949, 1,079,541 and others.

No claim is made to the exclusive right to use the numeral "7" and the outline of a football uniform, apart from the mark as shown.

The drawing is lined for the colors red and gold.

The drawing is a two-dimensional representation of the mark, which consists of the design elements and color combinations appearing on a three-dimensional football uniform worn by players in applicant's games and exhibitions.

Sec. 2(f).

Ser. No. 336,688, filed Nov. 12, 1981.

JAMES GROSSMAN, Examining Attorney

Int. Cl.: 41

Prior U.S. Cl.: 107

## United States Patent and Trademark Office

Reg. No. 1,238,823
Registered May 17, 1983

## SERVICE MARK
Principal Register



San Francisco 49ers (limited partnership)
711 Nevada St.
Redwood City, Calif. 94061

For: ENTERTAINMENT SERVICES IN THE FORM OF PROFESSIONAL FOOTBALL GAMES AND EXHIBITIONS, in CLASS 41 (U.S. Cl. 107).

First use Aug. 16, 1959; in commerce Aug. 16, 1959.

Owner of U.S. Reg. Nos. 829,949, 1,079,541 and others.

No claim is made to the exclusive right to use the numeral 7 and the outline of a football uniform, apart from the mark as shown.

The drawing is lined for the colors red and gold.

The drawing is a two-dimensional representation of the mark, which consists of the design elements and color combinations appearing on a three-dimensional football uniform worn by players in applicant's games and exhibitions.

Sec. 2(f).

Ser. No. 336,687, filed Nov. 12, 1981.

JAMES GROSSMAN, Examining Attorney